UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ELIJAH BLACKAMORE,

Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

Defendant.
______________________________/

CASE No. 1:25-CV-605

HON. ROBERT J. JONKER

**ORDER APPROVING AND ADOPTING REPORT AND RECOMMENDATION**

The Court has reviewed Magistrate Judge Green's Report and Recommendation (ECF No. 12) and Plaintiff's Objection to the Report and Recommendation. (ECF No. 13). Under the Federal Rules of Civil Procedure, where, as here, a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified." 12 WRIGHT, MILLER, & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3070.2, at 381 (2d ed. 1997). Specifically, the Rules provide that:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

FED R. CIV. P. 72(b)(3). De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge. *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). The Court has reviewed de novo the claims and evidence presented to the Magistrate Judge; the

Report and Recommendation itself; and Plaintiff's objections. After its review, the Court determines the Report and Recommendation is factually sound and legally correct.

Plaintiff raises one fundamental objection to the Magistrate Judge's recommendation that the Court affirm the Commissioner's decision, namely, that the Magistrate Judge erroneously determined that the Commissioner's decision was supported by substantial evidence. Plaintiff then proceeds to rehash arguments that were already considered by the Magistrate Judge, without identifying any flaw in the Magistrate Judge's analysis. It appears that Plaintiff complains the Magistrate Judge determined that the Commissioner's decision was supported by substantial evidence simply because the ALJ's decision identified Plaintiff's diagnoses and summarized the evidence of record. (ECF No. 13, PageID.1312). But that is not what the Magistrate Judge did. Nor is it the case, as it appears Plaintiff suggests, that the ALJ failed to consider the combined effects of Plaintiff's impairments. (*Id.*). To the contrary, the ALJ expressly remarked at several occasions that Plaintiff's impairments, and the combined effect of those impairments, had been considered. (*See, e.g.*, ECF No 5-2, PageID.36).

Plaintiff's principal objection relates to the ALJ's evaluation of Rachel Hooley's opinion. Plaintiff contends that the ALJ's determination that the opinion was not persuasive—and the ALJ's reasons for concluding as much—are not supported by substantial evidence. The Magistrate Judge found the ALJ had complied with the applicable regulations for evaluating opinion evidence and those reasons were supported by substantial evidence. Plaintiff fails to identify any flaw in the Magistrate Judge's reasoning beyond simply disagreeing with the Magistrate Judge's decision. In the main, Plaintiff complains that various treatment notes reflecting improvement or progress are not inconsistent with the counselor's opinion, as the ALJ said. Any documented improvement, he says, was short-lived and only came about because Plaintiff had secluded himself

in a manner that would be inconsistent with an ability to perform any work. He points to the counselor's remark that in such a situation Plaintiff would become "functionally paralyzed by excessive fear of criticism, disapproval, and rejection" and be off-task for days or weeks to recover from a resulting depressive episode. (ECF No. 5-17, PageID.1252). At most, Plaintiff's argument reflects that the medical evidenced could have supported a different RFC. But this is not what a review for substantial evidence requires, And as the Magistrate Judge accurately described, while there may have been periods of retrogression, the majority of the treatment notes reflect some type of improvement of progress in Plaintiff's condition. The ALJ reasonably determined that these were inconsistent with the severity of the functional limitations the counselor would later opine about. Moreover, the ALJ also found that the opinion was inconsistent with the other record evidence that the ALJ had previously discussed in the portion of the decision pertaining to the paragraph B criteria. Plaintiff does not address this point in his objections. The Court determines the Magistrate Judge's evaluation of the matter is factually sound and legally correct. The Court agrees with the Magistrate Judge that Plaintiff's argument lacks merit for the very reasons detailed by the Magistrate Judge.

**ACCORDINGLY, IT IS ORDERED** that the Report and Recommendation of the Magistrate Judge (ECF No. 12) is **APPROVED AND ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that the Commissioner's decision is **AFFIRMED.** A separate Judgment shall issue.

Dated: September 14, 2026

/s/ Robert J. Jonker
ROBERT J. JONKER
UNITED STATES DISTRICT JUDGE